González, J.
¶1 — In 2012, N.P.’s parental rights to M.S.M.-P. were terminated in a closed proceeding. N.P.’s attorney affirmatively consented to the closure, and soon afterward, M.S.M.-P. was adopted by his stepfather. N.P. seeks reversal because the trial court closed the proceeding without analyzing the Ishikawa[1] factors. We conclude N.P. waived his right to open proceedings under article I, section 10 of our state constitution.
Facts and Procedural History
¶2 M.S.M.-P. was born in April 2000. His biological parents, S.K. and N.P., met in 1999, and their relationship was marked from the beginning by physical abuse against S.K. S.K. and N.P.’s relationship ended within two weeks of M.S.M.-P.⅛ birth. During the first three years of M.S.M.-P.’s life, N.P. visited him fewer than 10 times, and he has not seen or had any contact with him since then.
¶3 In 2002, when M.S.M.-P. was two years old, his mother, S.K., began a relationship with A.K. S.K, A.K., and M.S.M.-P. have lived together as a family since 2003, and *498 S.K. and A.K. married in 2008. A.K. has cared for M.S.M.-P. since they began living together and has been the only father M.S.M.-P. has known. S.K. and A.K. have had two other children together. In early 2010, A.K. decided to adopt M.S.M.-P. and sought N.P.’s consent. After N.P. refused to consent to the adoption, A.K. filed a petition to terminate N.P.’s parental rights and to obtain permanent custody with the right to adopt. S.K. joined in the petition.
¶4 On June 18,2012, the trial court held a hearing on the petition, including both the termination and adoption proceedings. N.P. appeared by phone to testify from Coyote Ridge Corrections Center, where he was serving sentences for drug and firearm violations. Pursuant to RCW 26.33-.060—which provides that “[t]he general public shall be excluded” from adoption hearings “and only those persons shall be admitted whose presence is requested by any person entitled to notice under this chapter or whom the judge finds to have a direct interest in the case or in the work of the court”—the trial judge closed the entire hearing to the public. N.P. does not challenge the closure of the adoption portion of the proceeding, so it is not before us. See In re Adoption of M.S.M.-P., 181 Wn. App. 301, 307 n.7, 325 P.3d 392 (2014), review granted, 182 Wn.2d 1001, 342 P.3d 326 (2015).[2] Before the judge closed the hearing, he recited the adoption statute and proposed putting a sign on the courtroom door indicating that the hearing was closed by law. He asked whether “anybody ha[s] any input or any thoughts about that at all.” Verbatim Report of Proceedings at 6. Counsel for A.K. responded that it would be fine, and counsel for N.P. stated, “No objection.” Id. The trial court did not analyze the Ishikawa factors on the record. At no time did N.P. or his attorney object to the fact that the courtroom *499 was closed, nor did they make a request for anyone’s presence at the hearing.
¶5 On June 20, 2012, the trial court orally granted the petition to terminate N.P.’s parental rights and allowed the adoption to move forward. On July 27, 2012, the trial court entered written findings of fact and conclusions of law terminating petitioner’s parental rights, findings of fact and conclusions of law on the adoption, and an adoption decree. N.P. appealed, arguing for the first time that the closure violated his right to a public trial under article I, section 10 of the Washington State Constitution. The Court of Appeals concluded N.P. could not raise the issue for the first time on appeal and affirmed. In re Adoption of M.S.M.-P., 181 Wn. App. at 312 (citing In re Dependency of J.A.F., 168 Wn. App. 653, 278 P.3d 673 (2012); RAP 2.5(a)(3); State v. O’Hara, 167 Wn.2d 91, 99, 217 P.3d 756 (2009)). We granted N.P.’s petition for review. In re Adoption of M.S.M.-P., 182 Wn.2d 1001.
Analysis
¶6 N.P. seeks a new termination proceeding on the grounds that the closure of that portion of the proceedings violated article I, section 10 of the Washington State Constitution. He asserts that although his counsel declined to object to the closure, he may raise the issue for the first time on appeal because it is an issue of constitutional magnitude. The Court of Appeals found constitutional error but declined to consider it on appeal because N.P. did not preserve the error and did not show actual prejudice. In re Adoption of M.S.M.-P., 181 Wn. App. at 312 (citing RAP 2.5(a)(3); O’Hara, 167 Wn.2d at 99). We affirm on different grounds. We find that N.P.’s attorney’s decision to consent to the closure was a valid waiver of N.P.’s rights under article I, section 10. We hold that in a parental termination proceeding, a statement from a litigant’s attorney that *500 there is no objection to a closure is a sufficient waiver of the litigant’s rights under article I, section 10.[3]
¶7 N.P. argues that there was no valid waiver because N.P. was not advised on the record of the right to a public trial and was not present when the closure was ordered. In criminal proceedings, a defendant must personally make an informed waiver of certain fundamental constitutional rights. See, e.g., Brookhart v. Janis, 384 U.S. 1, 7-8, 86 S. Ct. 1245, 16 L. Ed. 2d 314 (1966) (right to plead not guilty); Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938) (right to counsel); Patton v. United States, 281 U.S. 276, 312, 50 S. Ct. 253, 74 L. Ed. 854 (1930) (right to trial by jury); United States v. Gordon, 264 U.S. App. D.C. 334, 829 F.2d 119, 123 (1987) (right to be present at trial). These rights are fundamental to ensure fair and constitutional criminal trials, and so such decisions have been deemed “of such moment that they cannot be made for the defendant by a surrogate.” Florida v. Nixon, 543 U.S. 175, 187, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004). But whether to exclude the public from all or a portion of a hearing on a civil parental termination petition is distinct from the highly consequential decisions in criminal cases that are reserved to criminal defendants alone.
¶8 We find that the right of a litigant in a parental termination proceeding to an open hearing under article I, section 10 is more commensurate with other constitutional rights that may be waived through counsel. See, e.g., Wilson v. Gray, 345 F.2d 282, 287-88 (9th Cir. 1965) (right to confrontation may be waived by criminal defendant’s counsel as a matter of trial tactics or strategy); State v. Valladares, 99 Wn.2d 663, 671-72, 664 P.2d 508 (1983) (withdrawal of pretrial motion to suppress evidence waived constitutional rights); Basil v. Pope, 165 Wash. 212, 218-19, 5 *501 P.2d 329 (1931) (failure to challenge juror or move for mistrial waives litigant’s right to claim deprivation of right to a fair trial because of biased juror); In re Welfare of Carpenter, 21 Wn. App. 814, 820, 587 P.2d 588 (1978) (in a parental termination proceeding, failure to affidavit a potentially biased judge waives right to assert deprivation of fair trial on appeal). Following Basil, In re Welfare of Carpenter, and Valladares, we hold that in a parental termination case, counsel can effectively waive a party’s article I, section 10 rights by saying “no objection” on the record when the judge inquires about closing the court. We stress that this waiver is personal to that party and does not affect any other person’s article I, section 10 rights.
Conclusion
¶9 We hold N.P. waived his right to open proceedings under article I, section 10 and affirm.
Madsen, C.J., and Johnson, Owens, Fairhurst, Wiggins, Gordon McCloud, and Yu, JJ., concur.

 Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 37-39, 640 P.2d 716 (1982).

 N.P.’s counsel informed the Court of Appeals during oral argument “that his position is that only the termination portions of the proceedings below, not the entire adoption proceedings, were subject to Ishihawa closure requirements.” In re Adoption of M.S.M.-P., 181 Wn. App. at 307 n.7. He has not disavowed this representation.

 Neither party sought our review of the Court of Appeals’ decision that closing the termination portion of the proceedings without considering the Ishikawa factors on the record violated article I, section 10. Thus, our opinion is limited to the specific question before us—whether N.P. waived his rights under article I, section 10.